

 The witness here did not waive his Fifth Amendment privilege. The testimony sought to be elicited and rejected by the trial court concerned collateral matters going only to the witness' credibility. The evidence sought by the cross-examination was cumulative on this issue, and its exclusion was not prejudicial to defendant. The trial court properly ruled that the witness was within his rights in invoking his Fifth Amendment privilege and correctly refused to strike any of the witness' direct testimony.

The judgment of conviction is affirmed.

---

R. Edgar Campbell, Albany, Ga., for appellant.

Sampson M. Culpepper, Asst. U. S. Atty., Macon, Ga., for appellee.

Before WOODBURY,* WISDOM, and BELL, Circuit Judges.

**Charles P. RUMPH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 22063.

United States Court of Appeals
Fifth Circuit.

April 2, 1965.

PER CURIAM.

Appellant was convicted upon trial by the court without a jury of forging and issuing a United States Treasurer's check in violation of Title 18 U.S.C.A. § 495. Imposition of sentence was suspended, and appellant was placed on probation for a period of two years without supervision on the condition that he repay the amount of the check, $48.40, to the persons to whom the check was issued. He was represented on the trial by counsel of his own selection and is represented here by counsel appointed by this court. An in forma pauperis appeal was allowed by the District Court.

Appellant's counsel has advised the court as follows:

"After a careful review of the entire record in the above captioned case, I can find nothing in the nature of reversible error. I must therefore request that I be granted leave to withdraw from the case."

* Of the First Circuit, sitting by designation.

We are satisfied that counsel has been diligent in his approach to the appeal and that his advice to the court is in the highest tradition of the legal profession. Since receipt of counsel's letter, the record in the case has been carefully reviewed by the court and we have reached the conclusion that the appeal is frivolous and should be dismissed. See Porter v. United States, 5 Cir., 1959, 272 F.2d 695.

The application of counsel to withdraw from the case is granted, and the appeal is dismissed.

**Robin I. BRYANT and Clarence A. Lounsbury, Appellants,**

v.

**B. & L. FARMS CO., Bankrupt, Appellee.**

No. 21409.

United States Court of Appeals
Fifth Circuit.

April 7, 1965.

Rehearing Denied May 6, 1965.

Jones, Circuit Judge, dissented.

Robert A. Hendricks, Robert E. Venney, Hendricks & Hendricks, Miami, Fla., for appellant Robin I. Bryant.

Robert Shupack, Jim McDonald, Homestead, Fla., Tom Maxey, Coral Gables, Fla., for appellant Clarence A. Lounsbury.

Weyman Hickey, Edwin L. Hubbard, Hubbard & Hickey, Coral Gables, Fla., for appellees.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and GROOMS, District Judge.

GROOMS, District Judge:

Appellants Bryant and Lounsbury filed their claims as unsecured creditors in the bankruptcy proceeding of B. & L. Farms Co., a corporation, in the amounts of $87,829.30 and $146,812.68, respectively. Upon objections to the claims, the Referee entered an order allowing same, but subordinated $50,000.00 of each claim to the rights and claims of all other unsecured creditors. On petition for review, the District Court by order of March 10, 1961, determined that the claims should be allowed without subordination. This Court affirmed. 309 F.2d 886.

Dividends were authorized and paid to other unsecured creditors, in the amount and on the following dates:

| | |
|---|---|
| April 1, 1960 | 25% |
| July 18, 1960 | 5% |
| December 6, 1960 | 5% |
| September 6, 1961 | 12½% |
| Total | 47½% |