**UNITED STATES of America, Appellee,**

v.

**Nicholas CAMODEO, Appellant.**

**Docket 28348.**

United States Court of Appeals Second Circuit.

Motions Submitted Sept. 19, 1966.

Decided Oct. 7, 1966.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, and Jack Kaplan, Asst. U. S. Atty., New York City, for appellee.

Anthony F. Marra and Joshua N. Koplovitz, New York City, for appellant.

Before LUMBARD, Chief Judge, and WATERMAN and ANDERSON, Circuit Judges.

LUMBARD, Chief Judge:

Counsel for the appellant, Anthony F. Marra, Esq., and Joshua N. Koplovitz, Esq., attorneys of the Legal Aid Society, who have been assigned by this Court, under the Criminal Justice Act, to repre-

sent the appellant on his appeal from conviction for selling heroin on two occasions, in violation of 21 U.S.C. §§ 173 and 174, petition for leave to withdraw on the ground that they are "unable to discover any error which can seriously be urged as a basis for reversal of the conviction." As the appellant suggests no good reason to the contrary, and as counsel has fully advised us regarding the record which supports the conviction, we grant the motion and dismiss the appeal.

Mr. Koplovitz in his affidavit states that he has examined the record, and summarizes the evidence at trial at which Camodeo was represented by retained counsel. The government presented two narcotics agents and the government chemist to prove its case.

Having been introduced to Camodeo by an informant, Agent Dolce of the Narcotics Bureau purchased one ounce of heroin from Camodeo for $500, and three weeks later he purchased two ounces for $1,000. Agent Gohde testified that he observed Agent Dolce and Camodeo on both occasions and he confirmed Dolce's testimony. A government chemist testified that what was allegedly purchased was heroin.

Camodeo testified that a friend, Anthony Cuomo, introduced him to Dolce and the next day Cuomo asked him to deliver something to Dolce as a favor and he did so. Camodeo denied knowing what was in the package and denied receiving any money. He testified that three weeks later the same thing happened.

Although the defense asked for the production of Cuomo, when Dolce said he did not know where he was the defense rested. The jury deliberated for thirty minutes and returned a verdict of guilty on both counts. A few days later, when it was discovered that Cuomo was in the Federal Detention Headquarters, the trial judge allowed defense counsel time to prepare papers on an application for a new trial but defense counsel, with the defendant's assent, withdrew this application for a new trial.

Mr. Koplovitz's affidavit concludes by stating:

"The case presented sharp issues of credibility which were obviously resolved against the defendant. The only possible legal issue suggested by the record—the availability of the defense of entrapment and the government's duty to produce the informant—are in the context of this record clearly without any basis."

Camodeo was served in prison with a copy of the motion papers and he has responded to the motion by filing an affidavit, dated August 19, 1966, in which he asks to be admitted to bail. He claims that he did not have effective assistance from his counsel at trial because his counsel did not press his application for the production of Cuomo and because his counsel was unfamiliar with the law of entrapment. Urging that he can only get proper representation if he is released so that he could retain his own counsel, he seeks to be released on bail of $1,000.

Camodeo's response thus fails to deny that he agreed to the withdrawal of the motion for a new trial so that Cuomo could be called as a witness. In no other respect does he attempt to state in what way his retained counsel at trial failed properly to represent him.

The United States Attorney, in response to Mr. Marra's motion, takes no position on Mr. Marra's application to be relieved, but says that he will move to dismiss the appeal if the motion is granted.

■■ It is well settled that when assigned counsel is of the belief, after careful examination of the record, that there is no error which would require reversal, and that the appeal is frivolous, it is appropriate for him so to inform the court and ask to be relieved. Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); United States v. Pravato, 282 F.2d 587, 591 (2 Cir. 1960); Rumph v. United States, 343 F.2d 580 (5 Cir. 1965); Porter v. United States, 272 F.2d 695 (5 Cir. 1959). As the facts in

this case are so simple, as we are fully informed by counsel regarding the record, and as appellant does not dispute counsel's summary of the record, we see no need to examine the record ourselves, as the members of the court did in United States v. Pravato, supra; Rumph v. United States, supra; and Porter v. United States, supra.

 It is clear that there is no merit to the appeal and that it is frivolous. Accordingly, we grant the motion to relieve Anthony F. Marra, Esq. and Joshua N. Koplovitz, Esq. and the Legal Aid Society from their assignment and suggest that they submit their application for compensation under the Criminal Justice Act.

 Having found that the appeal is frivolous, the appeal is dismissed.