**UNITED STATES of America,**
**Appellee,**

v.

**Nicholas CAMODEO, Appellant.**
**Docket 28348.**

United States Court of Appeals
Second Circuit.

Sept. 25, 1967.

Reconsideration upon Remand by the Supreme Court of the United States.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for appellee.

Anthony F. Marra and Joshua N. Koplovitz, New York City, for appellant.

Before LUMBARD, Chief Judge, and WATERMAN and ANDERSON, Circuit Judges.

LUMBARD, Chief Judge:

On October 7, 1966 we granted the motion of counsel appointed for appellant under the Criminal Justice Act, 18 U.S.C. § 3006A, for leave to withdraw on the ground that the appeal was frivolous, and we dismissed the appeal. 367 F.2d 146. The Supreme Court vacated our judgment on June 5, 1967 and remanded the case "for further consideration in light of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493." 387 U.S. 575, 87 S.Ct. 2070. We conclude that the affidavit accompanying counsel's motion for leave to withdraw substantially complied with the requirements which the Court announced in Anders v. California, and that counsel, having sufficiently presented to this court and to the defendant the possible grounds for appeal, should be granted leave to withdraw. We adhere to our earlier conclusion that the appeal was fivolous and again grant the motion to dismiss the appeal.

The Supreme Court held in *Anders* that the equal protection clause requires that a motion by appointed counsel for leave to withdraw

> "be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." 386 U.S. at 744, 87 S.Ct. at 1400.

The letter considered by the Court in *Anders* contained merely a conclusory statement that there was no merit in the appeal. The affidavit accompanying ap-

pointed counsel's motion in the present case contained an extensive summary of the record and set forth the legal contentions that could be based upon it. It also explained counsel's reasons for concluding that these possible contentions were without any basis. The affidavit clearly shows that counsel, as an advocate and not as an *amicus curiæ*, had carefully examined the record and diligently investigated any possible grounds for appeal.

The appellant was served with a copy of counsel's motion and affidavit and, as shown in our previous opinion, his response failed to raise any non-frivolous issue.

 The only respect in which the affidavit appears to diverge from the standard in *Anders* is that it was not entitled a brief. However, it did present the evidence and the possible legal arguments, even though counsel concluded that these arguments were frivolous. Since this report by counsel fully advised this court and afforded all possible aid to the client, we think it immaterial that the report was in the form of an affidavit rather than a brief. It would serve no purpose to require that counsel give his report the appearance of active advocacy where he believes the arguments to be wholly frivolous and where neither the court nor the defendant can find anything to indicate any merit in the appeal. Therefore, we hold that the affidavit submitted by counsel meets the requirements set forth in *Anders*.

As to the merits of the appeal, we agree with counsel's evaluation that the appeal is frivolous. Counsel's summary of the record, which appellant does not dispute, clearly indicated that there was nothing to advocate on behalf of the appellant and the appellant himself, after receiving a copy of the affidavit, could not suggest anything. His mere assertion that he had not been competently represented in the trial court, without any statement of a factual basis for such a charge, does not create a ground for appeal. In short the appellant has not

been deprived of that representation by counsel to which he was entitled.

Accordingly, we affirm our previous decision, grant counsel's motion to withdraw, and dismiss the appeal.

In light of our disposition of the case, appellant's motions for assignment of new counsel and bail pending appeal are denied.