CHARLES MASON TIPPETT *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 27, September Term, 1967.]

*Decided November 22, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

On December 16, 1966, applicant was redetermined to be a defective delinquent within the meaning of the Maryland Defective Delinquent Act, Article 31B of the Maryland Code (1967 Repl. Vol.), by a jury in the Circuit Court for Prince George's County. Following his recommitment to Patuxent Institution, he immediately expressed his desire to file an application for leave to appeal from the jury's determination, stating in a let-

ter to the court, dated December 23, 1966, that "I wish to appeal on the grounds of incompetent counsel, for the attorney I had did not show any defense whatsoever." The court promptly appointed counsel to represent the applicant and prosecute his application for leave to appeal.

On March 7, 1967, applicant's counsel filed a detailed "Report to Court," stating therein, *inter alia,* that after his appointment as counsel for the applicant, he examined all pertinent files pertaining to the case, including applicant's files and records at Patuxent Institution; that he thereafter personally interviewed the applicant who told him that his basis for appeal was incompetency of counsel in that "he did not try quite hard enough in his address to the jury;" that an examination of the redetermination proceedings indicated that both the State's and applicant's own privately employed psychiatrist testified that applicant was still a defective delinquent; and that his investigation demonstrated that trial counsel was not incompetent and, accordingly, applicant's counsel "does not believe that an appeal based on incompetency of counsel and which is the only issue that the patient himself feels is the basis of his appeal, is even fairly debatable under the law, and that this court either dismiss the appeal or allow (him) to be relieved of his appointment herein." A copy of counsel's "Report to Court" was sent to the applicant at Patuxent Institution on February 24, 1967. No response to that report has been filed by the applicant with the court.

In *Anders v. California,* 387 U. S. 738 (decided May 8, 1967), the Supreme Court held, in effect, that the constitutional right to counsel requires that on an indigent's first appeal from his criminal conviction, court-appointed appellate counsel must support the appeal to the best of his ability, requesting permission to withdraw only if he finds the case to be wholly frivolous, in which event he must file a brief referring to anything in the record that might arguably support the appeal. The court further held in *Anders* that a copy of the brief should be furnished the indigent and time allowed him to raise any points that he chooses, following which the court, after full examination of the proceedings, may decide whether the case is wholly frivolous; and if the court so finds, it may decide the case on its merits,

while if it finds any of the points "arguable on their merits," it must afford the indigent the assistance of counsel to argue the appeal.

While *Anders* involved a direct appeal from a criminal conviction, we nevertheless consider the instant application for leave to appeal from a redetermination of defective delinquency as being controlled in principle by *Anders*.[1] Considering counsel's "Report to Court" in the light of applicant's sole basis for appeal, namely that counsel "did not try quite hard enough in his address to the jury," we hold the application is wholly frivolous and, as such, must be denied. In so concluding, we accept counsel's "Report to Court" in this instance, and under the circumstances of this case, as the equivalent of a brief and, while it is not in literal compliance with the requirements in *Anders,* it contains a summary of the proceedings and, in so providing, demonstrates the frivolity of applicant's ground for leave to appeal.[2] See *United States v. Camodeo,* 383 F. 2d 770 (2d Cir. 1967). We note additionally that the applicant was served with a copy of his counsel's "Report to Court" on February 27, 1967 and has neither responded to it, nor requested the appointment of other counsel.

*Application denied.*

---

1. Maryland Rule 1094 a 2(b), and Article 31B, Section 11A of the Maryland Code (1967 Repl. Vol.), provides for the appointment of counsel to represent indigent applicants seeking leave to appeal in defective delinquent cases.

2. We do not intend to hold that such a "Report to Court" as was here filed would necessarily suffice in a direct appeal from a criminal conviction.