**Alfred Lee MATHERNE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23490.**

United States Court of Appeals
Fifth Circuit.

Feb. 28, 1968.

J. David McNeill, New Orleans, La., for appellant.

Louis C. LaCour, U. S. Atty., New Orleans, La., for appellee.

Before BROWN, Chief Judge, and TUTTLE and GEWIN, Circuit Judges.

PER CURIAM:

This matter involves disciplinary proceedings with respect to James David McNeill, a New Orleans attorney who is admitted to practice before this Court. By appropriate orders and proceedings in the case of Matherne v. United States, a case pending on appeal in this Court, the matter of the conduct of Attorney McNeill was referred to District Judge Edward J. Boyle, Sr. to serve as Special Master for this Court. Full evidentiary hearings were held at which McNeill was present and represented by counsel, other interested parties and witnesses appeared and Judge Boyle heard all of the facts with respect to all questions involved. Thereafter, he rendered a full report and made findings, conclusions and recommendations to the Court. A copy of Judge Boyle's report is attached as Appendix A to this order. The report fully discloses all pertinent facts involved.

Subsequent to the filing of the report of the Special Master, McNeill was afforded ample time to make a response and he did make such response and the same is attached hereto as Appendix B.

Upon consideration of the entire record in this case we are fully convinced that the report of Judge Boyle as Special Master should be and the same is hereby in all things approved and confirmed. Therefore, it is hereby ordered, adjudged and decreed that James David McNeill has been guilty of gross negligence, want of diligence and breach of his duty to both this Court and to his client and he is hereby reprimanded by this Court for such conduct all in accordance with the report of the Special Master. James David McNeill is further cautioned to avoid any conduct in the future, with respect to matters pending in this Court which may be characterized as negli-

gence, want of diligence or breach of any other duty to the Court or any litigant represented by him appearing before the Court.

It seems appropriate to take note of the fact, in order to give ample notice to those members of the bar who may be interested, that this is one of several cases involving conduct on the part of attorneys who are admitted to practice before this Court. Such cases arise too frequently. In many respects we have dealt with this type of case in a lenient fashion. However, the judgment rendered in this case or in the other cases which have required the attention of the Court should not be considered as precedents for the action the Court will take in the future. If such situations continue to arise, the Court may be compelled to give consideration to more appropriate and effective remedies.

The Clerk is directed to deliver a copy of this order to Attorney James David McNeill.

## APPENDIX A

### REPORT OF DISTRICT JUDGE EDWARD J. BOYLE, SR. SPECIAL MASTER FOR THE COURT OF APPEALS FIFTH CIRCUIT

In conformity with the order of the Honorable John R. Brown, Chief Judge, United States Court of Appeals for the Fifth Circuit (Exhibit #4), entered on September 22, 1967, in the matter entitled "Alfred Lee Matherne, Appellant, v. United States of America, Appellee," No. 23490 of the docket of said Court, the Honorable Herbert W. Christenberry, Chief Judge, United States District Court for the Eastern District of Louisiana, by order (Exhibit #3) entered on September 27, 1967, appointed the undersigned Special Master for the said Court of Appeals and directed that there be entered a show cause order why attorney James

David McNeill should not be disciplined concerning his nonaction in the handling of the appeal in the aforesaid No. 23490 of the docket of said Court of Appeals and further directed that, after holding such hearings as may be necessary, this report be filed with the Court of Appeals.

The show cause order (Exhibit #1) was entered on September 29, 1967, and was served personally on McNeill on October 4, 1967. On its return date, October 11, 1967, McNeill appeared with George M. Leppert, Esq., Attorney at Law of New Orleans, Louisiana, as his counsel.[1]

On October 18, 1967, with McNeill and his counsel present, Alfred Lee Matherne and his wife, Mrs. Gladys Matherne, were examined.[2]

McNeill represented Alfred Lee Matherne in his unsuccessful defense in the matter entitled "United States of America vs. Alfred Lee Matherne," No. 29740 of the docket of the United States District Court for the Eastern District of Louisiana, and in Matherne's aforesaid appeal, pending which Matherne was admitted to bail.[3]

The original District Court record was received in the Court of Appeals on December 17, 1965. On December 29, 1965, and again on February 16, 1966, the Clerk of the Court of Appeals gave McNeill notice to deposit sufficient funds to cover the estimated cost of printing the record,[4] both of which were admittedly received by McNeill in due course (McNeill Tr. 18). McNeill failed to make the required deposit or to communicate with the Clerk (McNeill Tr. 20).

On March 15, 1966, the United States moved to dismiss the appeal for want of prosecution (Exhibit #6) and on the same day the motion was granted (Exhibit #7). In due course McNeill received copies of both the Motion to Dismiss and the order of dismissal of the appeal, but took no action toward rein-

---

1. See Transcript of Proceedings held on October 11, 1967.

2. See Transcript of Proceedings held on October 18, 1967.

3. See original Record on Appeal.

4. See notations on jacket of original record.

statement of the appeal (McNeill Tr. 25–28).

On April 27, 1966, Matherne was taken into custody by the United States Marshal and on May 4, 1966 was delivered to the United States Penitentiary at Atlanta.[5] Sometime later he was delivered to the Louisiana authorities and was incarcerated in the Louisiana State Penitentiary to complete service of a prior State sentence (McNeill Tr. 17; Matherne Tr. 2).

On June 7, 1966, Matherne, pro se, sought reinstatement of his appeal (Exhibit #8) and on August 2, 1966, the Court of Appeals ordered McNeill to file a full and factual report responding to Matherne's allegations concerning McNeill's actions which resulted in dismissal of the appeal, as well as a report on matters pertinent to Matherne's application for reinstatement of his appeal, on the steps remaining to be done to perfect the appeal, if reinstated, and the probable time by which the record and brief could be filed. The Court's order further directed that a copy of McNeill's report be served on Matherne, allowed Matherne time to respond thereto, and reserved to the Court the right to institute appropriate disciplinary proceedings against McNeill (Exhibit #9).

On August 15, 1966, McNeill reported to the Court that the appeal was not perfected because Matherne could not and did not provide the necessary funds to defray costs of the appeal; that he, McNeill, was financially unable to advance such costs; that Matherne, being then employed, was, in his, McNeill's opinion, not entitled to prosecute the appeal in forma pauperis; that he would be prepared to file his brief within one week, and that preparation of the transcript should not require more than ten days to two weeks, and prayed for reinstatement of the appeal and that he be permitted to prosecute the appeal for Matherne (Exhibit # 10). McNeill testified that he did not require the transcript in order to prepare his brief and that his representation to the Court that preparation of the transcript would require ten days to two weeks was made without consulting the Court Reporter (McNeill Tr. 30–32).

Matherne's response to McNeill's report, filed on September 19, 1966, was that McNeill was paid a fee in full with the understanding that McNeill would represent him on appeal. He also stated his satisfaction that McNeill continue as his counsel (Exhibit #11).

Thereafter, on November 16, 1966, the Court ordered the appeal reinstated, granted leave to appeal in forma pauperis, and ordered that McNeill continue his representation of Matherne until final determination of the appeal. (Exhibit #12) McNeill received a copy of the order (McNeill Tr. 32, 33).

By letter dated December 22, 1966, addressed to the Court Reporter who reported the trial in the District Court, the United States Attorney transmitted a copy of the Court's aforesaid order of November 16, 1966, and requested preparation of the trial transcript at the Government's expense, a copy of which letter was forwarded to and received by McNeill (Exhibit #13; McNeill Tr. 33).

The transcript not having been filed by March 28 1967, the Clerk of the Court of Appeals wrote McNeill on that date calling his attention to his responsibility for the filing of the transcript and requesting advice as to when the transcript would be received in view of the fact that almost five months had elapsed since the Court's order of November 16, 1966 (Exhibit #14). McNeill received and read the letter, but took no action toward discharge of his responsibility to see to the filing of the transcript (McNeill Tr. 33–35).

On May 10, 1967, the Clerk of the Court of Appeals, in his own endeavor to obtain filing of the transcript, wrote the Court Reporter advising that the matter should be given his prompt attention and requesting the Reporter's advice as to

---

5. See U. S. Marshal's return (Document #25) in original record.

when receipt of the transcript could be expected (Exhibit #15). A copy of this letter was forwarded to and received by McNeill, who stated that again he did nothing in the matter (McNeill Tr. 34, 35).

Finally, on June 30, 1967, the transcript was filed and on the same day the Clerk notified McNeill that the appeal record was in final form and called his attention, by quoting, in part, Rule 24 of the Rules of the Court, to the fact that the appellant's brief should be filed within thirty days from receipt of the notice (Exhibits #16 and #17). McNeill received this notice, but claimed not to have seen and read the notice until a week or so later (McNeill Tr. 35, 36). Nevertheless, he failed to comply with the Rules despite the fact that three weeks were left, after the notice came to his attention, within which to comply by filing the brief, which he maintained required only one week to prepare (McNeill Tr. 31, 36, 38).

On August 21, 1967, the Clerk wrote McNeill calling his attention to the fact that the brief, which was due not later than August 1, 1967, had not been filed and advising that it was necessary that the brief be filed as promptly as possible otherwise the case may be dismissed for lack of prosecution (Exhibit #18). McNeill claimed the letter arrived during his absence from his office, but was seen by him in the first week of September when he returned to his office and was shockingly reminded of the letter when he received a copy of the September 22, 1967 order of the Court of Appeals (McNeill Tr. 36–38; Exhibit #4). However, McNeill did not tender the brief to the Clerk of the Court of Appeals until October 11, 1967 (McNeill Tr. 9–10), the day on which the first hearing was held in this proceeding and thirty or more days after McNeill had seen the Clerk's letter of August 21, 1967.

When McNeill was retained, a fee of $1,000.00 was agreed upon, for which McNeill would represent Matherne in the District Court and on appeal (McNeill Tr. 14; Matherne Tr. 3, 4; Mrs. Matherne Tr. 16, 17). McNeill actually received only $925.00 because he allowed the client to deduct $75.00 to be paid to Matherne's former attorney, who became ill and, presumably, withdrew (Mrs. Matherne Tr. 16, 17). McNeill claimed there was no understanding concerning the payment of court costs at the time of his employment, but did maintain that the $1,000.00 did not include any sum for court costs and represented solely his fee (McNeill Tr. 14, 15). Mrs. Matherne, who was present when McNeill was employed, stated there was no discussion concerning court costs (Mrs. Matherne Tr. 17). Matherne testified that the $1,000.00 represented McNeill's fee for his services to take his case "all the way to the Supreme Court if necessary" (Matherne Tr. 3, 4). Matherne further testified that at the time of the trial, McNeill informed him that "when the time comes for the appeal there would be a few dollars involved" (Matherne Tr. 4) and although he expected to pay some court costs, he took McNeill's statement to mean $25.00 or $30.00 (Matherne Tr. 5).

Matherne also testified that McNeill called upon him in December (1965), when the case was already in the Fifth Circuit Court of Appeals, for $200.00, at which time he claims McNeill acknowledged a "gentlemen's agreement" that Matherne "would not have to pay any money" and declared his, McNeill's, resolve to himself pay the costs, at the same time expressing appreciation for any contribution Matherne could make because he was "a little short" of funds (Matherne Tr. 6).

McNeill states that Matherne made no complaint to him that the amount paid him included court costs or that he was to furnish the costs (McNeill Tr. 18, 19). He also described efforts to have Matherne, his wife and sisters provide the needed funds and affirmed his then inability to advance the costs. (McNeill Tr. 14, 15, 18–22).

Matherne did actually send McNeill $50.00 toward the transcript cost.[6] On December 10, 1965, a money order for that amount in favor of McNeill was forwarded to McNeill by Mrs. Matherne (Mrs. Matherne, Tr. 18–21). Apparently, McNeill, in calling upon Matherne about December 10, 1965 for $200.00 for costs, was anticipating the Clerk's notice of December 29, 1965 to make a cost deposit.

The Mathernes maintained that they were without other funds to make up the $200.00 which McNeill called for (Matherne Tr. 6; Mrs. Matherne Tr. 18–19).

The evidence supports the conclusion, and McNeill's claim, that his agreement with Matherne did not oblige him to pay the costs from the $925.00 received. It also establishes McNeill's claim that he was financially unable to advance the costs.

But the evidence does raise a question as to McNeill's obligation to seek leave to prosecute the appeal in forma pauperis or, at least, to respond in some fashion to the Clerk's notices of December 29, 1965 and February 16, 1966, on both of which dates he had in hand $50.00 received from Matherne on account of the required cost deposit. Although acknowledging that he did have obligations to both the Clerk and the Court under the circumstances, McNeill took no action (McNeill Tr. 20, 22), which omission he sought to justify on the basis of his claimed conclusion that since Matherne didn't pay the costs, Matherne didn't want to prosecute the appeal and, therefore, his, McNeill's, obligations ended (McNeill Tr. 22). When considered in the light of McNeill's testimony that he was convinced of, and Matherne believed in, the merit of his case (McNeill Tr. 23–25); that a reversal of the conviction might possibly provide Matherne an avenue of escape from the service of nine

years of the State sentence under which he, as a parole violator, was later incarcerated following his arrest on April 27, 1966 as a consequence of the dismissal of Matherne's appeal for lack of prosecution (McNeill Tr. 39–40) and McNeill's admission that Matherne gave no affirmative indication that he desired to abandon his appeal (McNeill Tr. 23, 29), it is inconceivable that McNeill could have reached either of such conclusions.

After being sentenced on November 17, 1965, Matherne was admitted to bail pending appeal. Until his arrest on April 27, 1966, Matherne had been at large on bail and was steadily employed at a monthly salary of $375.00, which was his only income (Matherne Tr. 10). He owned no property (Matherne Tr. 10). His wife, to whom he was married on June 4, 1964, owned a 1964 car, valued at $1,200.00 in the period from December 1965 to March 15, 1966, and a home bought for $11,000.00, both of which were acquired by her prior to her marriage to Matherne with insurance benefits received upon the death of her first husband (Matherne Tr. 11, 13; Mrs. Matherne Tr. 23–26). The car and home were mortgaged for $800.00 and $3,500.00, respectively, and a credit purchase of baby room furniture added to their debts (Matherne Tr. 11, 13; Mrs. Matherne Tr. 26). Mrs. Matherne had four children from her first marriage and a fifth, fathered by Matherne, was born shortly after Matherne was taken into custody in April, 1966. The children of the prior marriage, for whom Mrs. Matherne received Social Security benefits, resided with her and Matherne (Mrs. Matherne Tr. 25, 26).

When Matherne was unable to provide the funds to make the deposit required by the Clerk, McNeill, out of hand, on the basis of the fact that he knew Matherne was employed and his wife owned her home, concluded that Matherne was not

---

6. McNeill, in discussing his efforts to obtain the necessary funds from Matherne for the cost deposit, failed to advert to the $50.00 money order (see Transcript of Proceedings on October 11, 1967). Nor did he deny receipt thereof after hearing Mr. and Mrs. Matherne's testimony of October 18, 1967. Therefore, McNeill has an obligation to pay over the $50.00 to the Clerk for application on the court costs.

entitled to prosecute his appeal in forma pauperis and failed to submit such question to the Court for determination (McNeill Tr. 20, 26, 27).[7]

Considered cumulatively or independently, McNeill's failures to seek leave to prosecute the appeal in forma pauperis, to interest himself enough to secure the transcript timely, to respond to the Clerk's letters and notices or report the circumstances to the Court or Clerk and to file timely the appellant's brief, require the finding that he has been guilty of gross negligence, want of diligence and breach of his duty to both the Court and client.

He preferred to leave to the United States Attorney or "somebody else" the matter of getting the trial transcript prepared and filed, although he was aware that it was his responsibility to have the record on appeal put in final order (McNeill Tr. 33–35).

The record shows, and McNeill admitted (McNeill Tr. 10, 12, 38), there was no justification for his having failed to file the appellant's brief before August 1, 1967, or, for that matter, prior to that date. As pointed out above, McNeill declared it was not necessary that he have the trial transcript for preparation of the brief, which, consistent with his report of August 15, 1966 to the Court, he maintained could have been prepared and filed within one week of any given date (McNeill Tr. 38).

McNeill's attempt to explain his failures to pursue perfection of the record on appeal and to file timely the appellant's brief only serves to accentuate his neglect of duty. He has been a practicing attorney since 1938, with experience in criminal law practice, both on defense and as a prosecutor, having served as an Assistant State District Attorney on two occasions, and as a Judge of the Criminal District Court for the Parish of Orleans, State of Louisiana (McNeill Tr. 40, 41). His offered explanations for his failures

(McNeill Tr. 10–12, 31–39) are unacceptable in the light of his experience and of the fact that he received and was aware of repeated notices from the Clerk concerning his responsibilities in the matters of filing of the transcript and brief.

Gross negligence and lack of diligence in an attorney are deficiencies which are as costly to a client, particularly one charged with crime, in the loss or curtailment of his rights, as they are burdensome to the profession and the Courts. A lawyer at all times owes the utmost devotion to the interests of his client and his professional responsibilities as an officer of the Court.

Considering the foregoing, I am of the opinion that an appropriate reprimand of James David McNeill is in order.

The exhibits referred to herein (except Exhibits Nos. 5 and 16 introduced by reference) and in the transcript of October 11, 1967, as well as said transcript, and transcript of October 18, 1967, and a copy of the memorandum (erroneously labeled "Supplemental Memorandum") of counsel for McNeill, are attached hereto and filed herewith.

New Orleans, Louisiana, December 4th, 1967.

(S.) EDW. J. BOYLE, SR.
United States District Judge

APPENDIX B
RESPONSE TO REPORTS OF
SPECIAL MASTER

In conformity with the order of this Honorable Court dated December 11, 1967, and with the extension granted on December 29, 1967, the following response is submitted to the report of Judge Edward J. Boyle, Sr., Special Master for the Court of Appeals, Fifth Circuit, dated December 4, 1967:

Respondent makes no objection to Judge Boyle's finding of fact as contained in the report submitted to this Honorable Court.

---

7. Matherne's pro se application for leave to prosecute his appeal in forma pauperis was made and granted at a time when he was in custody.

Respondent, however, respectfully calls to the court's attention Judge Boyle's conclusion on Page 11 of the report that respondent's agreement for representation of Matherne did not obligate him to pay the costs of appeal from the fee advanced.

In view of Matherne's financial circumstances at the time of the appeal, as reflected in the report, respondent did not feel that he was obligated to present, nor that he could in good conscience present to the Court an application on behalf of Matherne to proceed in forma pauperis.

Respondent was remiss in not timely filing briefs as called for by the rules of this Honorable Court; and respondent prays that the court may take into account the extenuating circumstances pleaded with Judge Boyle.

Respectfully Submitted,

JAMES DAVID McNEILL
(James David McNeill)
1213 American Bank Building
New Orleans, Louisiana
Telephone 525-4757.