## UNITED STATES of America, Appellee,

v.

## Nelson CRESPO, Appellant.

### No. MR–1953.

United States Court of Appeals Second Circuit.

Submitted May 6, 1968.

Decided July 3, 1968.

Martin Gallin, New York City, for petitioner.

Before LUMBARD, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

PER CURIAM:

Martin Gallin, Esq., who as retained counsel represented defendant Nelson Crespo at the trial of this criminal case, moves for an order permitting him to withdraw as attorney for Crespo on appeal. In the absence of any guidance from this court as to the requirements for a motion to withdraw, Mr. Gallin submitted papers which, for the reasons stated below, are not sufficient for determination of the motion. We deny the motion without prejudice.

Mr. Gallin's affidavit states that he has been informed by Crespo and his family that they do not wish Gallin to represent Crespo on the appeal. Crespo was served with a copy of the motion papers, to which he returned no answer; however, our experience has shown that this is not sufficient to protect appellants.

In many cases where trial counsel ceases to represent the defendant after the notice of appeal is filed, the defendant is left without any guidance regarding the steps necessary to obtain new counsel and perfect the appeal and he is unaware that there are deadlines which must be met, a situation which frequently results in prolonged and unnecessary delay. While retained counsel

who has been engaged to represent the defendant only at trial is not required to undertake the prosecution of the appeal, this court expects that trial counsel for any convicted defendant who wishes to appeal will, as Mr. Gallin did, file a notice of appeal and promptly move in this court for leave to withdraw if he does not intend to represent the defendant on appeal. See Green v. United States, 334 F.2d 733, 735 (1 Cir. 1964), cert. denied, 380 U.S. 980, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

In order to ensure adequate protection of appellants' interest in timely presentation of criminal appeals, the court has promulgated Supplemental Rule of Appellate Procedure for the United States Court of Appeals for the Second Circuit § 4(b),[1] effective July 1, 1968, which provides that trial counsel

is responsible for representing an appellant in a criminal case until relieved by this court and which sets forth requirements designed to secure continuous representation by counsel, when appellant so desires, which must be met before leave to withdraw will be granted.

We do not believe that this rule imposes an undue burden upon counsel in requiring as part of his obligation as counsel retained or appointed to represent defendant at trial that he undertake the tasks of conveying vital information to the appellant and seeing to it that necessary steps are taken. Cf. Matherne v. United States, 391 F.2d 449 (5 Cir. 1968).

The motion is denied without prejudice to renewal upon the conditions stated in Supplemental Rule § 4(b) (d).

---

1. § 4(b). Duties of trial counsel in criminal cases with regard to appeal by defendant from a judgment of conviction; motions for leave to withdraw as counsel on appeal in criminal cases.

(a) When a defendant convicted following trial wishes to appeal, trial counsel, whether retained or appointed by the district court, is responsible for representing him until relieved by the Court of Appeals.

(b) If trial counsel was appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, and intends to prosecute the appeal, he should move in this court for appointment on appeal. Whether on such a motion or otherwise, this court may accept the District Court's finding that the defendant is financially unable to employ counsel and no further proof of the defendant's indigency need be submitted unless specifically required.

(c) Any counsel wishing to be relieved on appeal shall, before moving to that end, advise the defendant that he must promptly obtain other counsel unless he desires to proceed pro se and that if he is financially unable to obtain counsel, a lawyer may be appointed by this court under the Criminal Justice Act. If the defendant wishes to have a lawyer so appointed on appeal, counsel must see to it that he receives and fills out the appropriate application forms, which are

available from the office of the Clerk of this court. If the defendant desires to proceed pro se, counsel must advise him of the requirements concerning the time within which the record must be docketed and the brief filed.

(d) A motion to withdraw as counsel on appeal in a criminal case must state the reasons for such relief and must be accompanied by one of the following:

(1) A showing that new counsel has been retained or appointed to represent defendant; or

(2) The defendant's completed application for appointment of counsel under the Criminal Justice Act or a showing that such application has already been filed in the Court of Appeals; or

(3) An affidavit or signed statement from the defendant showing that he has been advised that he may retain new counsel or apply for appointment of counsel and expressly stating that he does not wish to be represented by counsel but elects to appear pro se; or

(4) An affidavit or signed statement from the defendant showing that he has been advised of his rights with regard to the appeal and expressly stating that he elects to withdraw his appeal; or

(5) A showing that exceptional circumstances prevent counsel from meeting any of the requirements stated in subdivisions (1) to (4) above.