**UNITED STATES of America**

v.

**William KATZ, Defendant.**

**UNITED STATES of America**

v.

**William KATZ and Jeno Weiss, Defendants.**

**Nos. 66 Cr. 540, 66 Cr. 362.**

United States District Court
S. D. New York.

Feb. 27, 1969.

Robert M. Morgenthau, U. S. Atty.,
New York City, by Peter L. Zimroth,
Asst. U. S. Atty. (66 Cr. 362), Abraham
D. Sofaer, Asst. U. S. Atty., (66 Cr. 540),
for plaintiff.

Murry Boxer, New York City, for defendant Katz.

*Memorandum Opinion and Order*

MOTLEY, District Judge.

On November 14, 1968, defendant William Katz was found guilty by a jury of violations of 18 U.S.C. §§ 1010, 2 as charged in the two-count indictment 66 Cr. 540. Sentencing was deferred to await a probation report and the trial of defendant under another indictment, 66 Cr. 362, charging violations of the same sections of Title 18. Defendant was sentenced for the November 14 convictions at 1:00 P.M. on February 21, 1969, while a jury was still deliberating the charges against defendant under the second indictment, concurrent sentences of one year being imposed. The jury returned verdicts as to defendant Katz of guilty on the second count of the second indictment and not guilty on the first count at 2:30 P.M. of the same day.

Defendant then made motions to set bail under both indictments, stating his intent to appeal all the convictions. Decision was reserved until after the sentencing of defendant for the newest conviction, which sentencing then immediately took place, the defendant receiving another one-year sentence to run concurrently with those earlier imposed. The court immediately thereafter released the defendant on his own recognizance during the appeal (defendant was under $3,500 bail on a third indictment) and defendant's attorney, Murry Boxer, stated his intention to withdraw as defendant's counsel. Defendant did not acquiesce in or protest his counsel's stated intention. Mr. Boxer originally had been retained by defendant but when it was demonstrated that defendant was unable to pay Mr. Boxer, the latter was appointed defendant's counsel by another judge of this court pursuant to the Criminal Justice Act of 1964, 18 U.S.C. § 3006A.* The court then stated its in-

* Appointment was made pursuant also to Article III.B.4. of the plan of the Southern District to implement the statute, since Mr. Boxer was a member of the panel of attorneys prepared under the plan.

tent to remove Mr. Boxer as defendant's attorney and appoint new counsel for the purposes of appeal.

The court is mindful of Rule 7 of the Criminal Rules of the Southern District and Rule 4(a) of Part II of the Rules of the Court of Appeals for the Second Circuit. The former requires the court to "advise defendant and his trial counsel that the latter is not relieved from his representation of defendant until the Court of Appeals so directs." The latter states that such trial counsel is "responsible for representing [defendant] until relieved by the Court of Appeals."

■ This court does not believe these rules should be so construed as to prevent substitution of new counsel without the client's request by the trial court after sentence where it appears advisable. The purpose of these rules seems to be to ensure adequate protection of a defendant's interest in timely presentation of his appeal, United States v. Crespo, 398 F.2d 802 (2d Cir. 1968). Such interest might be endangered if a defendant's attorney could withdraw on his own from the case after filing the notice of appeal, because a defendant might not know how to obtain new counsel, perfect his appeal, and meet any deadlines, United States v. Crespo, *supra*. In fact, a defendant with appointed counsel is protected by the Equal Protection Clause of the Constitution from withdrawal by his counsel without the merits of an appeal being set forth by brief on the motion for leave to withdraw, Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); United States v. Camodeo, 383 F.2d 770 (2d Cir. 1967).

■ However, these interests of a defendant may be equally well protected by the trial court, if it takes it upon itself to appoint new counsel for the defendant immediately upon removal of the old and to apprise new counsel of any deadlines that must be met or motions that might be made. The court should, of course, be liberal in granting extensions of time where authorized and necessary. Such a procedure seems to be contemplated by

18 U.S.C. § 3006A(c), which reads in pertinent part: "The United States commissioner or the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." This subdivision has been incorporated into the plan of the Southern District for implementation of the Criminal Justice Act of 1964 as Article III.C.

Although not previously judicially interpreted, this sentence of the Criminal Justice Act would seem to authorize the substitution of counsel ordered here. The "court" contemplated would clearly seem to be the trial court. Reference is made to the district court in the first sentence of subdivision (a), and such court is the only one mentioned in connection with the commissioner * in the first three subdivisions of the act. Two other sentences in subdivision (c) make reference to the "court having jurisdiction of the case." The trial court would clearly be the court having jurisdiction since no notices of appeal had then been filed. The defendant was free to move the trial court for a new trial under Rule 33, Fed.R.Crim.Pro., see United States v. Pullings, 321 F.2d 287, 296 (7th Cir. 1963), in 66 Cr. 362, or to move to reduce sentence under Rule 35, Fed.R.Crim.Pro., in either case. No appeal had shifted jurisdiction to the court of appeals.

The term "any stage of the proceedings" encompasses post-verdict and post-sentencing proceedings. This is seen from the first sentence of subdivision (c), which defines the term as including all proceedings from the "initial appearance before the United States commissioner or court through appeal."

■ The question then remains as to whether substitution of new counsel at this drastic juncture in the proceedings against Katz is "in the interests of justice." At the second trial, defendant's attorney, Murry Boxer, was observed by the court to be sleeping on two occasions for as long as fifteen minutes during examination of witnesses by other attorneys in the case. The court warned Mr.

Boxer about the propriety of such conduct in the robing room out of the presence of the jury. At the beginning of this trial, Mr. Boxer stated his reluctance to represent Katz on the record out of the presence of the jury, implying that his effort would be minimal and that he was there at all only because of the compulsion of his appointment under the Criminal Justice Act. This conduct raises serious question as to whether Katz has been denied effective assistance of counsel as guaranteed by the Sixth Amendment and presents issues which might be raised on an appeal of the conviction in the second trial or in a motion for a new trial of the charges in the second indictment, although the court is aware of the stringent tests for finding lack of effective representation. See United States v. Currier, 405 F.2d 1039 (2d Cir. 1969); United States v. Meek, 388 F.2d 936 (7th Cir. 1968), cert. denied, 391 U.S. 951, 88 S.Ct. 1855, 20 L.Ed.2d 866 (1968); United States v. Medlin, 353 F.2d 789, 797 (6th Cir. 1965), cert. denied, 384 U.S. 973, 86 S.Ct. 1860, 16 L.Ed.2d 683 (1966), rehearing denied, 385 U.S. 889, 87 S.Ct. 14, 17 L.Ed.2d 123 (1966). The court would think the interests of justice better served by having arguments on these grounds made by counsel whose conduct is not the subject of the attack.

The court is assisted in its determination that the interests of justice would be served by a substitution of counsel absent defendant's request pursuant to subdivision (c) by cases holding that a court on its own motion may disqualify an attorney for violations of the Canons of Ethics. Empire Linotype School v. United States, 143 F.Supp. 627 (S.D.N.Y.1956). See also Allied Realty of St. Paul, Inc. v. Exchange National Bank of Chicago, 283 F.Supp. 464 (D.Minn. 1968); Hilo Metals Company, Ltd. v. Learner Company, 258 F.Supp. 23 (D. Hawaii 1966); United States v. Trafficante, 328 F.2d 117 (5th Cir. 1964); and United States v. Standard Oil Co., 136 F.Supp. 345 (S.D.N.Y.1955). The Canons of Ethics of the American Bar Association have been adopted by this court, Rule 3 of the General Rules for the Southern and Eastern Districts of New York. Canon 4 states:

"A lawyer assigned as counsel for an indigent prisoner * * * should always exert his best efforts in his behalf."

Mr. Boxer's conduct violates this canon and authorizes his removal by this court in the interests of justice.

For the reasons stated above, Mr. Boxer's conduct justifies substitution of a new attorney under the second indictment, 66 Cr. 362. The court feels the same new attorney should be substituted for Mr. Boxer on the appeal of the convictions under the first indictment, 66 Cr. 540, although Mr. Boxer's conduct in the first trial would not seem to present a substantial appealable issue. Mr. Boxer's conduct in the second trial demonstrates his unwillingness to defend Mr. Katz, and it could hardly be expected that his attitude would improve on appeal of the first convictions when he has been relieved of his representation in the second case.

Therefore, it is hereby ordered, pursuant to 18 U.S.C. § 3006A(c), that Herbert Monte Levy, 61 Broadway, New York, New York, be and hereby is substituted for Murry Boxer, 225 Broadway, New York, New York, as attorney for defendant William Katz in the above entitled two matters.

So ordered.